IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH G. OYER,[1] <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Ave., N.W. <br> Washington, D.C. 20530 <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  The U.S. Department of Justice ("DOJ) has unlawfully withheld from Plaintiff Elizabeth G. Oyer agency records to which she is entitled. Ms. Oyer was appointed Pardon Attorney of the United States, a career position in the Senior Executive Service, on April 11, 2022. Deputy Attorney General Todd Blanche unlawfully terminated Ms. Oyer on March 7, 2025, hours after she refused a last-minute request to recommend the restoration of gun rights to the actor Mel Gibson who, among other pertinent factors, has an acknowledged history of domestic abuse.[2] Ms. Oyer subsequently shared the circumstances of her removal with the media, prompting Mr. Blanche to assert that Ms. Oyer was "violat[ing] [her] ethical duties" and

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate filing.

[2] Devlin Barrett, *Justice Dept. Official Says She Was Fired After Opposing Restoring Mel Gibson's Gun Rights*, N.Y. Times, Mar. 10, 2025, https://www.nytimes.com/2025/03/10/us/politics/justice-department-mel-gibson.html; s*ee, e.g.*, Shan Li, *Mel Gibson please no contest in domestic abuse*, L.A. Times, Mar. 12, 2011, https://www.latimes.com/local/la-xpm-2011-mar-12-la-me-mel-gibson-20110312-story.html.

"making false accusations."[3]  Mr. Blanche's comments were baseless.  Given that Ms. Oyer is a licensed attorney, these allegations are most serious.

2.  After her unlawful termination, Ms. Oyer properly requested, under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a, agency records relating to her communications with the Deputy Attorney General's Office regarding the Gibson matter and records pertaining to her termination.  In violation of the FOIA and the Privacy Act, Defendant DOJ has delayed processing portions of Ms. Oyer's FOIA requests and continues to unlawfully conceal those records.  DOJ has violated the FOIA and the Privacy Act by failing to make determinations on parts of Ms. Oyer's two FOIA requests and by failing to afford her access to her own DOJ records within the statutorily established deadlines to do so.

3.  The records sought in this case are modest in scope and in volume, and not reasonably subject to any statutory exemption.  There is no legitimate reason for the Defendant's continued delay in disclosing the records to which Ms. Oyer is entitled.  Ms. Oyer has exhausted her administrative remedies under the law and now must turn to this Court for relief.  This action seeks the declaratory and injunctive relief needed to end the concealment of records which are of substantial personal interest to Ms. Oyer and of significant public interest to those concerned about how terminations of experienced non-partisan government employees are carried out and justified.

---

[3]  Perry Stein, *Fired Justice Dept. official speaks about her ouster and Mel Gibson*, Wash. Post., Mar. 12, 2025, https://www.washingtonpost.com/national-security/2025/03/12/pardon-attorney-elizabeth-oyer-fired-speaks-out/.

## PARTIES

4. Plaintiff Elizabeth G. Oyer was the Pardon Attorney of the United States from April 11, 2022, until her unlawful removal on March 7, 2025. The Pardon Attorney oversees DOJ's Office of the Pardon Attorney and reports to the Deputy Attorney General.

5. The Defendant is the U.S. Department of Justice, an agency within the meaning of 5 U.S.C. § 552(f)(1), with the possession, custody, and control of the requested records.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1)(B), and 28 U.S.C. § 1331.

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and § 552a(g)(5).

## STATUTORY BACKGROUND

### The Freedom of Information Act

8. The FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

9. An agency must make a determination about whether to comply within twenty days of receipt of a Freedom of Information Act request, excluding Saturdays, Sundays, and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(i). After making a determination, the agency must promptly notify the requesting entity of such a decision and the "reasons therefor," the rights of the requester to seek assistance from the FOIA Public Liaison for the agency, and, if applicable, the requester's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i)(I)–(III).

10. In "unusual circumstances," the 20-day time limit for an agency to make a determination may be extended by ten business days if the agency provides written notice to the

requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

11. When records originate with the component processing the request, but contain within them information of interest to another component of the Justice Department, the originating component typically consults with that other component. 28 C.F.R. § 16.4(d)(1). Such consultation, however, does not extend the time by which the initial component is required to respond to the request. 28 C.F.R. § 16.4(f).

12. After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.*

13. If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) and may file a civil action in this Court.

## The Privacy Act

14. The Privacy Act requires agencies that maintain a system of records, such as the Defendant, to provide any individual access to their record or to any information pertaining to them which is contained in the system. 5 U.S.C. § 552a(d)(1).

15. Department of Justice regulations provide that, "[t]he component responsible for responding to the request must acknowledge, in writing, receipt of a Privacy Act request for access." 28 C.F.R. § 16.43(b).

16. The responsible component to respond to a Privacy Act request for access must respond within ten working days of receipt. 28 C.F.R. § 16.43(c)(1).

17.     If the agency fails to provide the requester access to their own records, the requester may file suit, 5 U.S.C. § 552a(g)(1)(B), and "the court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld. 5 U.S.C. § 552a(g)(3)(A).

## THE PLAINTIFF'S FOIA REQUESTS

### The First FOIA Request

18.     On March 14, 2025, Aaron M. Katz, Ms. Oyer's attorney, sent a letter (the "First FOIA Request") to the designated FOIA officer for the Office of the Pardon Attorney (OPA) seeking disclosure of the following three categories of documents:

1. Emails between Ms. Oyer and Associate Deputy Attorney General (ADAG) Paul Perkins exchanged between March 3 and March 7, 2025, including attached memos.

2. All emails between Ms. Oyer and ADAG Paul Perkins referencing 'domestic violence' or 'DV.'

3. Emails and Teams messages between Ms. Oyer and Deputy Pardon Attorney Kira Gillespie referencing 'Mel Gibson' (including either 'Gibson' or 'Mel'). The First FOIA Request is attached as Exhibit 1.

19.     On March 19, 2025, OPA responded by email. It acknowledged that it received the First FOIA request and assigned it number PARDON FOIA 2025-321001. This response is attached as Exhibit 2.

20.     The OPA response attached 25 pages of records that it concluded were "appropriate for release with redactions in response to portion #3 of" the First FOIA Request. It clarified that responses to "portions #1 and #2 of [the First FOIA Request] remain forthcoming

5

after consult with the Office of the Deputy Attorney General which holds equity in the required search."

21.     The email did not state that the Defendant was invoking "unusual circumstances" for a ten-business day extension of time to respond.

22.     On April 16, 2025, the Department of Justice Office of Information and Privacy (OIP) sent Mr. Katz a letter acknowledging receipt of the First FOIA Request and explaining that it had received material responsive to the First FOIA Request on March 25, 2025, but that the material "contain[ed] information of interest to other" unnamed "components or agencies," and that OIP could "respond only after consulting with those entities regarding their information." That letter is attached as Exhibit 3.

23.     The letter did not assert "unusual circumstances" for an extension of time to respond nor state when a response was expected.

24.     Neither OPA, OIP nor any other DOJ component has responded further in any way to the First Request.  Because more than twenty business days have passed since Ms. Oyer submitted the First FOIA request, she has constructively exhausted her administrative remedies with respect to portions 1 and 2 of the First FOIA Request.

**The Second FOIA Request**

25.     On March 31, 2025, Ms. Oyer emailed the Department's Justice Management Division (JMD) the "Second FOIA Request."  That request is attached as Exhibit 4.  She subsequently filed a Certification of Identity.

26.     The Second FOIA Request stated that, pursuant to the Privacy Act and the FOIA, Ms. Oyer requested copies of the following three categories of records concerning her employment with the Department of Justice, Office of the Pardon Attorney, from April 2022 to March 2025:

      1. Complete eOPF [electronic Official Personnel File]/personnel file.

      2. All annual performance evaluations/ratings.

      3. All documentation pertaining to the termination of my employment.

27. On April 17, 2025, JMD responded by email, advising that a search had been conducted and that it found records responsive to the first category of Ms. Oyer's request. It provided a link to those files. That email is attached as Exhibit 5.

28. As to the second category of the Second FOIA Request, JMD reported that it had "determined that [OPA] would be the appropriate component to handle this part of [her] request." Those documents were later provided by OPA via separate email to Ms. Oyer.

29. As to the third part of the Second FOIA Request, JMD reported that "Department Senior Leadership Offices would be the appropriate components to handle your request"; that OIP "handles FOIA requests for Department Senior Leadership Offices"; and that JMD accordingly had "forwarded [Ms. Oyer's] request to [OIP's] FOIA offices for review and processing."

30. The April 17, 2025, e-mail did not assert "unusual circumstances" for an extension of time to respond. Neither JMD, OIP nor any other DOJ component has since responded to Ms. Oyer's Second FOIA Request. Ms. Oyer has therefore constructively exhausted her administrative remedies with respect to the third portion of her Second FOIA Request.

## CLAIMS

### Count 1 – Violation of the Freedom of Information Act

31. Ms. Oyer repeats and realleges the allegations set forth in Paragraphs 1-30 as if they were set forth fully herein.

32. In her March 14, 2025, FOIA Request, Ms. Oyer properly sought records within the custody and control of the Defendant.

33. The Defendant has unlawfully withheld agency records requested by Ms. Oyer by failing to make a determination on portions 1 and 2 of her request within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. § 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to her FOIA request.

34. Ms. Oyer has constructively exhausted her administrative remedies.

35. Accordingly, Ms. Oyer is entitled to injunctive and declaratory relief requiring the Defendant to immediately process and disclose all requested records to her.

36. An order requiring immediate processing and disclosure of non-exempt records is warranted given Deputy Attorney General Blanche's false assertions about Ms. Oyer and the circumstances surrounding her removal from office.

**Count 2 – Violation of the Freedom of Information Act and the Privacy Act**

37. Ms. Oyer repeats and realleges the allegations in Paragraphs 1-30 as if they were set forth fully herein.

38. In her March 31, 2025, FOIA and Privacy Act request, Ms. Oyer properly sought access to records within the custody and control of the Defendant.

39. The Defendant has unlawfully withheld agency records requested by Ms. Oyer under the FOIA by failing to make a determination on the third category of Ms. Oyer's request within the statutorily prescribed time period of 20 business days, as required by 5 U.S.C. § 552(a)(6)(A), and by continuing to withhold documents that are non-exempt and responsive to Ms. Oyer's FOIA request.

40. The Defendant has violated the Privacy Act by refusing Ms. Oyer's request for access to her record and to any information pertaining to her which is contained in the system of records by withholding for a period exceeding ten days disclosure of records responsive to category 3 of her Second FOIA Request.

41. Ms. Oyer has constructively exhausted her administrative remedies.

42. Accordingly, Ms. Oyer is entitled to injunctive and declaratory relief requiring the Defendant to immediately process, disclose and permit access to all records responsive to portion 3 of her Second FOIA Request to Ms. Oyer.

43. An order requiring immediate processing and disclosure of non-exempt records is warranted given Deputy Attorney General Blanche's false assertions about her and the circumstances surrounding Ms. Oyer's removal from office.

## REQUESTED RELIEF

WHEREFORE, Ms. Oyer respectfully requests that this Court provide the following relief:

A. Declare that the Defendant has violated the FOIA by failing to make a determination with respect to portions 1 and 2 of her First FOIA Request and category 3 of her Second FOIA Request within 20 business days and by unlawfully withholding records responsive to those portions of her First and Second FOIA Requests.

B. Declare that the Defendant has violated the Privacy Act by failing afford Ms. Oyer access within ten business days of her request to documents sought that are contained in her record or to any responsive information pertaining to her which is contained in the system.

C. Issue a declaration that Ms. Oyer is entitled to the immediate processing and disclosure of the requested records;

      D.      Enjoin the Defendant from withholding or precluding access to records sought in portions 1 and 2 of her First FOIA Request and in category 3 of her Second FOIA Request;

      E.      Order Defendant to immediately process and disclose all responsive records to Ms. Oyer;

      F.      Provide for expeditious processing of this action;

      G.      Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

      H.      Award Ms. Oyer costs and reasonable attorneys' fees as provided by 5 U.S.C. § 552(a)(4)(E) and § 552a(g)(3)(B).

      I.      Grant such other and further relief as this Court may deem just and proper.

DATED: May 15, 2025　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey S. Gutman*
　　　　　　　　　　　　　　　　　　　　Jeffrey S. Gutman (D.C. Bar No. 416954)
　　　　　　　　　　　　　　　　　　　　1712 Hobart St., N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20009
　　　　　　　　　　　　　　　　　　　　(202) 631-5129
　　　　　　　　　　　　　　　　　　　　jsgutmandc@gmail.com

　　　　　　　　　　　　　　　　　　　　Joshua G. Kolb[4]
　　　　　　　　　　　　　　　　　　　　DEMOCRACY DEFENDERS FUND
　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Ave., S.E.
　　　　　　　　　　　　　　　　　　　　Suite 15180
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20003
　　　　　　　　　　　　　　　　　　　　Tel: (202) 594-9958
　　　　　　　　　　　　　　　　　　　　joshua@statedemocracydefenders.org


　　　　　　　　　　　　　　　　　　　　*Attorneys for Elizabeth G. Oyer*

---

[4] Mr. Kolb is a member of the bar of this Court. His application as a member of the DC Bar is in progress.

11