UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH G. OYER,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEPARTMENT OF JUSTICE,<br><br>                    Defendant. | Civil Action No. 25-1555 (CJN) |

## **ANSWER**

     Defendant the Department of Justice (the "Department") and its components, the Office of the Pardon Attorney ("OPA"), Justice Management Division ("JMD"), and the Office of Information Policy ("OIP"), (collectively "Defendant"), by and through undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint filed on May 15, 2025 (ECF No. 1) in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action. All allegations not specifically admitted are denied.

     1.     This paragraph contains Plaintiff's description of her cause of action to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

     2.     This paragraph contains Plaintiff's description of her cause of action to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

     3.     This paragraph contains Plaintiff's description of her cause of action to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## PARTIES [1]

4.      Defendant admits that Plaintiff was the Pardon Attorney from April 11, 2022, until March 7, 2025, and that the Pardon Attorney oversees the DOJ's Office of the Pardon Attorney and reports to the Deputy Attorney General.  The remainder of this paragraph contains Plaintiff's characterization as to her employment, to which no response is required. To the extent that a response is deemed required Defendant denies the allegations.

5.      Defendant admits that it is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

## JURISDICTION AND VENUE

6.      This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA. Defendant denies the remainder.

7.      This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

## STATUTORY BACKGROUND

### The Freedom of Information Act

8.      The allegations in this paragraph consist of background information, to which no response is required.  Defendant respectfully refers the Court to the text of the FOIA and denies any allegations inconsistent therewith.

---

[1]      For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

9.      The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

10.     The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

11.     The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

12.     The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

13.      The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

**The Privacy Act**

14.      The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

15.     The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

16.      The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

17.      The allegations in this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations.

**THE PLAINTIFF'S FOIA REQUESTS**

**The First FOIA Request**

18.     Admit that Plaintiff submitted a FOIA request on March 18, 2025. Defendant avers that the FOIA request is the best evidence of its contents, and Defendant denies any allegations inconsistent therewith.

3

19.    Admit that Office of the Pardon Attorney acknowledged the request. That communication is the best evidence of its contents, and Defendant denies any allegations inconsistent therewith.

20.    Admit that Office of the Pardon Attorney sent a response on March 19, 2025. That communication is the best evidence of its contents, and Defendant denies any allegations inconsistent therewith.

21.    The Office of the Pardon Attorney admits that it did not invoke "unusual circumstances" in its March 2025 communication. That communication is the best evidence of its contents, and Defendant denies any allegations inconsistent therewith.

22.    Defendant admits that DOJ's Office of Information Policy ("OIP") sent Plaintiff an acknowledgement letter, dated April 16, 2025, acknowledging receipt of records referred to OIP by the Office of the Pardon Attorney.  Defendant respectfully refers the Court to OIP's April 16, 2025 acknowledgment letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

23.    Admit.

24.    Defendant denies the allegations in the first sentence in this paragraph, except to admit that some of relevant components of the Department have not made final determinations as to Plaintiff's FOIA requests. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

**The Second FOIA Request**

25.    Admit that Plaintiff submitted a FOIA request on March 31, 2025. Defendants avers that the FOIA request is the best evidence of its contents, and Defendants denies any allegations inconsistent therewith.

26.    Admit that Plaintiff submitted a FOIA request on March 31, 2025. Defendants avers

that the FOIA request is the best evidence of its contents, and Defendants denies any allegations inconsistent therewith.

27.     The Defendant admits that the Department of Justice Management Division ("JMD") responded to the Plaintiff by email on April 17, 2025. Defendant respectfully refers the Court to JMD's April 17, 2025 email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

28.     Defendant admits the allegations in the first sentence in this paragraph, and respectfully refers the Court to JMD's April 17, 2025 email for a full and accurate statement of its contents and denies any allegations inconsistent therewith. With respect to the allegations in the second sentence of this paragraph, the Office of the Pardon Attorney admits that it provided Plaintiff with a response.

29.     Defendant admits the allegations in this paragraph, and respectfully refers the Court to JMD's April 17, 2025, email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

30.     Defendant admits the allegations in the first sentence in this paragraph, and respectfully refers the Court to JMD's April 17, 2025, email for a full and accurate statement of its contents and denies any allegations inconsistent therewith.  Defendant denies the allegations in the second sentence in this paragraph, except to admit that OIP sent Plaintiff an acknowledgement letter, dated April 9, 2025, but has not yet issued a substantive response to part three of Plaintiff's FOIA request. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

## CLAIMS

### Count I – Violation of the Freedom of Information Act

31.     Defendant repeats and re-incorporates its responses to the preceding paragraphs.

32.      Paragraph 32 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

33.      Paragraph 33 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

34.      Paragraph 34 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

35.      Paragraph 35 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

36.      Paragraph 36 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

**Count II – Violation of the Freedom of Information Act and Privacy Act**

37.      Defendant repeats and re-incorporates its responses to the preceding paragraphs.

38.      Paragraph 38 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

39.      Paragraph 39 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

40.      Paragraph 40 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

41.      Paragraph 41 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

42.      Paragraph 41 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

43.      Paragraph 43 consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies.

**RELIEF REQUESTED**

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.

**DEFENSES**

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

**SECOND DEFENSE**

Defendant has exercised due diligence in processing Plaintiff's FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

**FOURTH DEFENSE**

FOIA does not provide for declaratory relief against a federal agency.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**SIXTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA.


Dated:  July 7, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:  */s/ Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*