UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH G. OYER,

    Plaintiff,

    v.

DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 25-1555 (CJN)

## JOINT STATUS REPORT

Pursuant to the Court's July 14, 2025, Minute Order, Plaintiff Elizabeth Oyer and Defendant the Department of Justice ("Department"), through undersigned counsel, file this joint status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

This case concerns Plaintiff Elizabeth Oyer's two requests under FOIA and the Privacy Act to the Department seeking records "relating to her communications with the Deputy Attorney General's Office regarding the [Mel] Gibson matter and records pertaining to her termination." Compl. ¶ 2. On March 14, 2025, Plaintiff submitted a request to the Department's Office of the Pardon Attorney ("OPA"), and a subsequent request on March 31, 2025, to the Justice Management Division ("JMD").

**DEFENDANT'S UPDATES**:

**OPA**

OPA reports that the relevant portions of both FOIA requests related to OPA records are closed.

- March 14, 2025, Request: OPA issued a response on March 19, 2025, consisting of 25 pages of material responsive to Item 3 of Plaintiff's request. Eighteen pages of material responsive to Items 1 and 2 of Plaintiff's request were referred to the Department's Office of Information Policy ("OIP") on March 25, 2025. Plaintiff was notified of such on the same date, and request was closed out that day. Additionally, on May 19, 2025, OPA received a related request, which was not submitted by Plaintiff and is not subject to this litigation. OPA referred to 59 pages of material responsive to this related request to OIP for processing on May 27, 2025. However, because the 59 pages are also responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request, OIP is processing them as a part of this litigation.
- March 31, 2025, Request to JMD: OPA was referred a portion of this request on April 2, 2025. On April 7, 2025, OPA issued a response consisting of thirteen pages, and closed the request out the same day.

## JMD

JMD reports that it has released all responsive records in its custody in response to plaintiff's March 31, 2025 request. On April 17, 2025, JMD released Plaintiff's eOPF (electronic personnel file), which consisted of 111 pages. JMD referred the remaining portions of the March 31, 2025 request to OIP and OPA. JMD has no further action to take on the March 31, 2025, request.

## OIP

On April 9, 2025, OIP provided Plaintiff with a letter acknowledging receipt of the March 31, 2025 request.  OIP's letter failed to mention that OIP did not receive this request directly from Plaintiff, but rather that JMD routed Item 3 of Plaintiff's request to OIP for OIP to conduct a search

2

and process any responsive records that are identified. OIP reports it has conducted an initial email search relating to Item 3 of Plaintiff's March 31, 2025 request and located no responsive records. At this time, OIP is conducting additional searches for electronic documents and other records not covered by its initial email search to identify records responsive to Item 3 of Plaintiff's March 31, 2025 request. Once all searches have been completed, OIP will be able to provide a summary of the searches conducted, including search terms utilized and other details.

Additionally, OPA has referred eighteen pages of material responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request to OIP for processing and direct response to Plaintiff. On May 27, 2025, OIP received a referral from OPA consisting of 59 pages in the context of the non-litigation request. In reviewing the 59 pages, OIP noticed there were several blank pages and other pages that appeared to be out of order. OIP contacted OPA about these issues in the set of 59 pages. In response, OPA sent OIP a clean copy of the pages now totaling 71 pages, and OPA noted that the initial export omitted certain attachments. OIP then began to review these 71 pages and noticed that they were also responsive to Plaintiff's request. Because the 71 pages referred with respect to the non-litigation request are also responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request, OIP is processing them as a part of this litigation. In order to provide all relevant, responsive material to Plaintiff, OIP combined the now 71 page referral with the 18 page referral previously received from OPA in the context of Plaintiff's March 14, 2025 request. In total, OIP is processing the 89 pages of referred material and anticipates providing a response to Plaintiff by the end of August.

\* \* \*

The Department further informs the Court that it does not anticipate filing an *Open America* stay at this time and believes that it is premature to set a briefing schedule or provide a *Vaughn*

Index. In light of the above updates, Defendant proposes that the parties file a status report on or before September 24, 2025, apprising the Court of the progress of this action. Defendant suggests that the Court decline Plaintiff's invitation to file a status report within twenty-one days, which will only serve to strain the Court and counsel's limited resources with needless frequent filings. Should Plaintiff wish to confer regarding the Department's position within twenty-one days on the ongoing process, the Department is amenable to that approach without imposing a further obligation on Defendant. In addition, undersigned counsel for Defendant is scheduled to be in trial for at last two weeks in August from early to mid-August, making a filing deadline in twenty-one days untenable for Government's counsel.[1] Moreover OIP, which is still processing Plaintiff's request, will not have completed its processing by that time, rendering a status report filing deadline inapt. For these reasons, Defendant would also request that the Court deny Plaintiff's request for a hearing, until all components are done processing, and Plaintiff has an opportunity to review the entire scope of records produced. If Plaintiff has concerns then regarding the scope of Defendant's searches or any withholdings, the parties can meet and confer. Respectfully, this matter has been assigned to the undersigned Defense counsel, not to another civil defensive Assistant U.S. Attorney within the U.S. Attorney's Office. Undersigned's colleagues similarly carry incredibly voluminous caseloads, and Plaintiff will suffer no prejudice with the Court accommodating undersigned counsel's trial schedule, which will render her unavailable for the majority of August. This is especially true considering counsel for Ms. Oyer will be out of the country from August 20 through September 11.

## PLAINITFF'S REPORT

1. Ms. Oyer, the former Pardon Attorney of the United States, filed a FOIA request on

---

[1] Defendant's counsel is in trial or trial preparations for the majority of August. Following trial, undersigned will be out of the office from August 28 through September 3, 2025.

4

    March 14, 2025, and a FOIA/Privacy Act request on March 31, 2025.  *See* Complaint, ¶¶ 18, 26 and Exhibits 1 and 4.  Both requests contained three parts.  The records requested are of substantial importance to Ms. Oyer and of significant public interest to those interested in how the Administration carries out and justifies the unlawful terminations of high-ranking non-partisan Justice Department officials.

2. The first two parts of the March 14, 2025, request sought 1) emails between Ms. Oyer and Associate Deputy Attorney General (ADAG) Paul Perkins exchanged between March 3 and March 7, 2025, including attached memos and 2) emails between Ms. Oyer and ADAG Paul Perkins referencing 'domestic violence' or 'DV.'  DOJ responded to the third item.

3. The Defendant reports that 18 pages responsive to Items 1 and 2 were referred to OIP on March 25, 2025, and had earlier explained to Plaintiff's counsel that 88 pages (apparently responsive to Items 1 and 2) were referred to OIP on an unspecified date.  It is unclear whether these are separate or overlapping groups of recordsThe Defendant has offered no explanation why it has required OIP months to process a small volume of records.

4. Apparently changing its position, the Defendant now explains that 59 pages responsive to a different requester's FOIA request, but responsive to Ms. Oyer's Items 1 and 2, were located.  Although some of these pages were blank, according to Defendant, the number of pages increased to 71, excluding certain attachments.  Whether these 71 pages are in addition to the 88 pages located is not clear.  The Defendant regards these 71 pages as "not subject to this litigation."  In Plaintiff's view, if these pages were responsive to Mr. Oyer's request, then they are part of this litigation.

5. Defendant provides no reason why these 71 pages, apparently found in May, were not

earlier located when it searched for records responsive to Ms. Oyer's March 14, 2025 request. Ultimately, the Defendant must file a search declaration to explain these unclear, shifting and inconsistent representations. Meanwhile, Ms. Oyer believes that the Defendant should complete processing of the records, including the omitted attachments of unknown length, transmitted to OIP by August 14 so that they can be addressed in a Joint Status Report due on August 18.

6. With respect to the March 31, 2025, request, Items 1 and 2 have been satisfied. Item 3 requested all documents pertaining to Ms. Oyer's termination of employment. That an initial search found there are no records pertaining to Ms. Oyer's well-publicized termination of employment defies common sense. The Defendant has not set forth the search terms used, when the search was made, how the next searches will be different from those already performed or when the next searches will be concluded. This Court's July 14, 2025, Minute Order required the Defendant to state the number of documents found and when it anticipated disclosing them. To comply with that Order, those searches should have been completed in advance of the filing of this JSR. The Defendant offers no reason why they were not, particularly in light of the Defendant's request, granted by the Court over Ms. Oyer's objection, for three additional weeks to answer the Complaint. *See* ECF Docket 11, 12.

7. Given the Defendant's failure to comply with this Court's Minute Order and unexplained delays in processing the small volume of records at issue, the Court should either issue a Minute Order requiring the Defendant to address these issues fully in a Joint Status Report due in three weeks (August 18, 2025) or convene a brief hearing by that date for the Defendant to do so. Further delay will prejudice Ms. Oyer, who is engaged in

separate proceedings arising from her termination. Should the Court instead consider holding a hearing between August 20 and September 11, when Ms. Oyer's lead counsel will be out of the country, but available for a hearing, Plaintiff requests that it be conducted remotely. Ms. Oyer understands the Defendant counsel's trial schedule, but the matters presented here are simple and straightforward and can be handled easily by an Office colleague or supervisor working in collaboration with agency counsel.

Dated: July 28, 2025

Respectfully submitted,

*/s/ Jeffrey S. Gutman*
Jeffrey S. Gutman, PLLC (D.C. Bar No. 416954)
1712 Hobart St., N.W.
Washington, D.C. 20009
(202) 631-5129
jsgutmandc@gmail.com

Joshua G. Kolb[2]
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave., S.E.
Suite 15180
Washington, D.C. 20003
Tel: (202) 594-9958

joshua@statedemocracydefenders.org

*Attorneys for Elizabeth G. Oyer*

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar # 1017243
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530

*Attorneys for the United States of America*

---

[2]   Mr. Kolb is a member of the bar of this Court. His application as a member of the DC Bar is in progress.