UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH G. OYER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-1555 (CJN) |

## JOINT STATUS REPORT

Pursuant to the Court's August 5, 2025, Minute Order, Plaintiff Elizabeth Oyer and Defendant the Department of Justice ("Department"), through undersigned counsel, file this joint status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

This case concerns Plaintiff Elizabeth Oyer's two requests under FOIA and the Privacy Act to the Department seeking records "relating to her communications with the Deputy Attorney General's Office regarding the [Mel] Gibson matter and records pertaining to her termination." Compl. ¶ 2. On March 14, 2025, Plaintiff submitted a request to the Department's Office of the Pardon Attorney ("OPA"), and a subsequent request on March 31, 2025, to the Justice Management Division ("JMD").

### DEFENDANT'S UPDATES:

### OPA

OPA reports that the relevant portions of both FOIA requests related to OPA records are closed.

- March 14, 2025, Request: OPA issued a response on March 19, 2025, consisting of 25 pages of material responsive to Item 3 of Plaintiff's request. Eighteen pages of material responsive to Items 1 and 2 of Plaintiff's request were referred to the Department's Office of Information Policy ("OIP") on March 25, 2025. Plaintiff was notified of such on the same date, and request was closed out that day. Additionally, on May 19, 2025, OPA received a related request, which was not submitted by Plaintiff and is not subject to this litigation. OPA referred to 59 pages of material responsive to this related request to OIP for processing on May 27, 2025. However, because the 59 pages are also responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request, OIP is processing them as a part of this litigation.
- March 31, 2025, Request to JMD: OPA was referred a portion of this request on April 2, 2025. On April 7, 2025, OPA issued a response consisting of thirteen pages, and closed the request out the same day.

## JMD

JMD reports that it has released all responsive records in its custody in response to plaintiff's March 31, 2025 request. On April 17, 2025, JMD released Plaintiff's eOPF (electronic personnel file), which consisted of 111 pages. JMD referred the remaining portions of the March 31, 2025 request to OIP and OPA. JMD has no further action to take on the March 31, 2025, request.

## OIP

As previously reported, OIP conducted additional searches for records not covered by its initial email search to identify records responsive to Item 3 of Plaintiff's March 31, 2025 request. OIP located one document responsive to Item 3 of the Plaintiff's March 31, 2025 request. OIP

issued a response to Plaintiff on September 23, 2025, releasing the document in full.

As previously reported, OPA referred to OIP 89 pages of material responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request for processing and direct response to Plaintiff. OIP issued an interim response to Plaintiff on September 4, 2025, releasing four pages in part and withholding twenty-nine pages in full pursuant to Exemptions 5 and 6 of the FOIA. Additionally, fifty-one pages were determined to be wholly duplicative of the material referred to OIP and either provided to Plaintiff in OIP's September 4, 2025 interim response or withheld in full in that same response, or material that was previously processed by OPA in response to Plaintiff's March 14, 2025 request and, as a result, these fifty-one pages were not processed a second time. The remaining pages have been sent out for consultation to other Executive Branch equity holders. OIP is continuing to check in with equity holders regarding the remaining pages that have been sent out for consultation – most recently on September 19, 2025 – and will provide Plaintiff with a response as the consultation process is completed and determinations can be made.

\* \* \*

In light of the above updates, Defendant proposes that the parties file a status report on or before November 24, 2025, apprising the Court of the progress of this action. Defendant requests that the Court deny Plaintiff's request to brief the issues regarding Defendant's withholdings and/or the adequacy of its search until Defendant has completed processing of all responsive records. Defendant further requests that the Court reject Plaintiff's request for Defendant to file a motion for summary judgment on or before October 21, 2025. First, the Court should reject Plaintiff's attempts to brief this action in a piecemeal fashion, which will only further serve to waste resources for the Court and counsel. Second, undersigned Defendant's counsel carries a significant and voluminous docket with several other briefs and significant deadlines in October

and early November. Third, Defendant will need at least 60 days to put together its supporting materials (declarations and *Vaughn* index) to support a motion for summary judgment. Defendant therefore proposes that the parties file a proposed briefing schedule once all processing is complete.

## PLAINITFF'S REPORT

1. Ms. Oyer, the former Pardon Attorney of the United States, filed a FOIA request on March 14, 2025, and a FOIA/Privacy Act request on March 31, 2025. *See* Complaint, ¶¶ 18, 26 and Exhibits 1 and 4. Both requests contained three parts. The records requested are of substantial importance to Ms. Oyer and of significant public interest to those interested in how the Administration carries out and justifies the unlawful terminations of high-ranking non-partisan Justice Department officials.

2. The first two parts of the March 14, 2025, request sought 1) emails between Ms. Oyer and Associate Deputy Attorney General (ADAG) Paul Perkins exchanged between March 3 and March 7, 2025, including attached memos and 2) emails between Ms. Oyer and ADAG Paul Perkins referencing 'domestic violence' or 'DV.' DOJ responded to the third item.

3. The Defendant reports that 89 pages responsive to Items 1 and 2 were referred to OIP. It is not clear whether any email attachments were similarly referred. On or about September 4, 2025, OIP stated in a letter to Ms. Oyer's previous counsel that 33 pages were processed: 4 were released in part and 29 withheld in full. In addition, 51 pages were said to be duplicative. Thus, only five pages require consultation and review. .

4. With respect to the March 31, 2025, request, Items 1 and 2 have been satisfied. Item 3 requested all documents pertaining to Ms. Oyer's termination of employment. On

September 23, 2025, OIP sent Ms. Oyer a letter stating that the search for responsive records was concluded and that one document, consisting of one page, was found. It was disclosed in full.

5. Plaintiff's understanding is that the Defendant claims to have completed its search for records responsive to both requests and has processed all but five pages of records. The Defendant has offered no justification for its months-long delay in processing the remaining five pages. Nor does the Defendant make a commitment to promptly process those records. Instead, it asks for the next Joint Status Report to be due in 60 days without explaining specifically why that lengthy period of time is necessary.

6. Ms. Oyer intends to challenge all redactions and withholdings and to challenge the adequacy of Defendant's search. Ms. Oyer requests that the Court set a briefing schedule that requires the Defendant to file its motion for summary judgment or before October 21, 2025. That will give Defendant ample time to complete processing of the last five pages and encourage it to do so.

7. This proposal does not contemplate piecemeal briefing, as the Defendant suggests. When processing of the last 5 pages concludes prior to October 21, the entire matter – the adequacy of search and withholding of and redactions within no more than 34 pages – can be briefed.

8. The Defendant confuses this case with the more typical FOIA case involving broad requests and a large volume of records. The requests here were narrow, targeted and limited. Consequently, the resulting searches appear uncomplicated. Thus, the search declaration is likely to be brief and simple. Similarly, given the small number of records at issue in this case – apparently no more than 34 - and that only two FOIA exemptions

were asserted, briefing this case should be very straightforward and will not require a lengthy *Vaughn* Index. Ms. Oyer appreciates the demands on Assistant United States Attorneys which are occasioned by similar workloads experienced by counsel for plaintiffs suing the federal government. But those demands do not justify a "workload exception" to the FOIA, the purpose of which is the ensure the efficient disclosure of government records that advance the public interest. Thus, the October 21 deadline is entirely reasonable. Any further delay will continue to prejudice Ms. Oyer, who is engaged in separate proceedings arising from her termination.

Dated: September 24, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey S. Gutman*
　　　　　　　　　　　　　　　　　　　　Jeffrey S. Gutman, PLLC (D.C. Bar No. 416954)
　　　　　　　　　　　　　　　　　　　　1712 Hobart St., N.W.
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20009
　　　　　　　　　　　　　　　　　　　　(202) 631-5129
　　　　　　　　　　　　　　　　　　　　jsgutmandc@gmail.com

　　　　　　　　　　　　　　　　　　　　Joshua G. Kolb[1]
　　　　　　　　　　　　　　　　　　　　DEMOCRACY DEFENDERS FUND
　　　　　　　　　　　　　　　　　　　　600 Pennsylvania Ave., S.E.
　　　　　　　　　　　　　　　　　　　　Suite 15180
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20003
　　　　　　　　　　　　　　　　　　　　Tel: (202) 594-9958

　　　　　　　　　　　　　　　　　　　　joshua@statedemocracydefenders.org

　　　　　　　　　　　　　　　　　　　　*Attorneys for Elizabeth G. Oyer*

　　　　　　　　　　　　　　　　　　　　JEANINE FERRIS PIRRO
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　By:　　　　　　　*/s/ Brenda González Horowitz*
　　　　　　　　　　　　　　　　　　　　BRENDA GONZÁLEZ HOROWITZ
　　　　　　　　　　　　　　　　　　　　D.C. Bar # 1017243
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　601 D Street, N.W.

---

[1] Mr. Kolb is a member of the bar of this Court. His application as a member of the DC Bar is in progress.

Washington, D.C. 20530

*Attorneys for the United States of America*