UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH G. OYER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-1555 (CJN) |

## JOINT STATUS REPORT

Plaintiff Elizabeth Oyer and Defendant the Department of Justice ("Department"), through undersigned counsel, file this joint status report to apprise the Court of the progress in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

This case concerns Plaintiff Elizabeth Oyer's two requests under FOIA and the Privacy Act to the Department seeking records "relating to her communications with the Deputy Attorney General's Office regarding the [Mel] Gibson matter and records pertaining to her termination." Compl. ¶ 2. On March 14, 2025, Plaintiff submitted a request to the Department's Office of the Pardon Attorney ("OPA"), and a subsequent request on March 31, 2025, to the Justice Management Division ("JMD").

### DEFENDANT'S UPDATES:

### OPA

OPA reports that the relevant portions of both FOIA requests related to OPA records are closed.

- March 14, 2025, Request: OPA issued a response on March 19, 2025, consisting of 25 pages of material responsive to Item 3 of Plaintiff's request. Eighteen pages of material responsive to Items 1 and 2 of Plaintiff's request were referred to the Department's Office of Information Policy ("OIP") on March 25, 2025. Plaintiff was notified of such on the same date, and request was closed out that day. Additionally, on May 19, 2025, OPA received a related request, which was not submitted by Plaintiff and is not subject to this litigation. OPA referred to 59 pages of material responsive to this related request to OIP for processing on May 27, 2025. However, because the 59 pages are also responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request, OIP is processing them as a part of this litigation.
- March 31, 2025, Request to JMD: OPA was referred a portion of this request on April 2, 2025. On April 7, 2025, OPA issued a response consisting of thirteen pages, and closed the request out the same day.

## JMD

JMD reports that it has released all responsive records in its custody in response to plaintiff's March 31, 2025 request. On April 17, 2025, JMD released Plaintiff's eOPF (electronic personnel file), which consisted of 111 pages. JMD referred the remaining portions of the March 31, 2025 request to OIP and OPA. JMD has no further action to take on the March 31, 2025, request.

## OIP

As previously reported, OIP conducted additional searches for records not covered by its initial email search to identify records responsive to Item 3 of Plaintiff's March 31, 2025 request. OIP located one document responsive to Item 3 of the Plaintiff's March 31, 2025 request and

provided a response to Plaintiff on September 23, 2025.

As previously reported, OPA referred to OIP 89 pages of material responsive to Items 1 and 2 of Plaintiff's March 14, 2025 request for processing and direct response to Plaintiff. OIP issued an interim response to Plaintiff on September 4, 2025, releasing four pages in part and withholding twenty-nine pages in full pursuant to Exemptions 5 and 6 of the FOIA. Additionally, fifty-one pages were determined to be wholly duplicative of the material referred to OIP and either provided to Plaintiff in OIP's September 4, 2025 interim response or withheld in full in that same response, or material that was previously processed by OPA in response to Plaintiff's March 14, 2025 request and, as a result, these fifty-one pages were not processed a second time. On December 12, 2025, OIP issued a response to Plaintiff as to the remaining five pages from the set of material referred by OPA. In its December 12, 2025 response letter, OIP informed Plaintiff that it was releasing three pages with certain information withheld pursuant to Exemptions 5, 6, 7(C) and 7(E) of the FOIA, that one page was blank, and the final page was determined to have been previously released by OPA and was therefore not re-processed by OIP.

In an email to Plaintiff's counsel on December 12, 2025, OIP conveyed a detailed accounting of the pages referred to OIP by OPA and informed Plaintiff that while processing the remaining pages referred by OPA referenced in the paragraph above, OIP noticed a discrepancy and identified another five pages that had not been included in the 89 pages reported in the parties' July 28, 2025 joint status report and had yet to be processed by OIP. OIP is now processing these five pages and has sent them out for consultation with equity holders. Once the consultation process is completed and final determinations are made, OIP will issue a response to Plaintiff on the remaining five pages, thus concluding its processing of the material referred by OPA.

\* \* \*

Plaintiff has indicated that she intends to challenge the scope of the Department's searches as well as the productions, and proposes her own briefing schedule below. Undersigned counsel for Defendant is unable to brief this matter on such an expedited time frame for several reasons, and therefore Defendant proposes its own briefing schedule below. First, undersigned Defendant's counsel carries a voluminous caseload with significant briefs already scheduled in December and early January. Due to the shutdown, Defendant's counsel was unable to work on this matter, or any other matters, and came back to a slew of deadlines now calendared in December. In addition to the many responsibilities of carrying such a robust caseload, undersigned Defendant's counsel is also currently transitioning to a supervisory role within the Civil Division and is now supervising several other attorneys in addition to managing and carrying her own caseload. Finally, the December holidays make an early January deadline particularly difficult, especially considering that the Department will need to rely on declarations from each of the component agencies in order to support any forthcoming motion. To that end, Defendant proposes the following briefing schedule.

   Defendant's motion for summary judgment: February 27, 2026

   Plaintiff's opposition and cross motion: March 20, 2026

   Defendant's combined reply and opposition: April 10, 2026

   Plaintiff's reply: April 24, 2026

To the extent that Plaintiff wishes the briefing to occur sooner, she is welcome to file her motion for summary judgment first, provided that the Department is afforded thirty-days to file its opposition.

**PLAINTIFF'S REPORT**

1. Ms. Oyer, the former Pardon Attorney of the United States, filed a FOIA request on March 14, 2025, and a FOIA/Privacy Act request on March 31, 2025. *See* Complaint, ¶¶ 18, 26 and Exhibits 1 and 4. Both requests contained three parts. The records requested are of substantial importance to Ms. Oyer and of significant public interest to those interested in how the Administration carries out and justifies the unlawful terminations of high-ranking non-partisan Justice Department officials.

2. The first two parts of the March 14, 2025, request sought 1) emails between Ms. Oyer and Associate Deputy Attorney General (ADAG) Paul Perkins exchanged between March 3 and March 7, 2025, including attached memos and 2) emails between Ms. Oyer and ADAG Paul Perkins referencing 'domestic violence' or 'DV.' DOJ responded to the third item.

3. Ms. Oyer's understanding is that the Defendant has completed its search for and processing of all records responsive to Ms. Oyer's requests with the exception of five recently located pages. The Court instructed the parties to propose a briefing schedule in its Minute Order of September 29, 2025.4. Ms. Oyer appreciates counsel's work schedule, but Defendant overlooks the fact that this case, unlike many FOIA cases, involves clear and narrow FOIA requests, a modest number of pages of withholdings and redactions in dispute and the assertion of commonplace Exemption 5 and Exemption 6/7(C) exemptions. Indeed Ms. Oyer has already told Defendant that she will not challenge the redaction of federal employee e-mail addresses and telephone numbers, which resolves most of the privacy-related redactions. She is entirely willing to discuss with the Defendant the remaining redactions and the nature of her search challenge to

5

reduce the number of search declarations that may be required.

5.     Further, the Defendant offers no specific reasons – trial dates, briefing deadlines, scheduled oral arguments – to justify why this case should follow those that counsel regards as more pressing.  The narrow matters presented here are, in contrast, of substantial national and personal importance as they arise from the unlawful termination of the Pardon Attorney, a position very much in the public discourse.  Therefore, Ms. Oyer proposes the following briefing schedule:

       Government MSJ:     January 16, 2026

       Oyer Opposition and Cross-Motion:   February 6, 2026

       Government Opposition and Reply:  February 20, 2026

       Oyer Reply:  March 6, 2026.


Dated: December 16, 2025                Respectfully submitted,

                                                              */s/ Jeffrey S. Gutman*
Jeffrey S. Gutman, PLLC (D.C. Bar No. 416954)
1712 Hobart St., N.W.
Washington, D.C. 20009
(202) 631-5129
jsgutmandc@gmail.com

Joshua G. Kolb[1]
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave., S.E.
Suite 15180
Washington, D.C. 20003
Tel: (202) 594-9958

joshua@statedemocracydefenders.org

*Attorneys for Elizabeth G. Oyer*

---

[1]     Mr. Kolb is a member of the bar of this Court.  His application as a member of the DC Bar is in progress.

                              JEANINE FERRIS PIRRO
                              United States Attorney

By:      */s/ Brenda González Horowitz*
            BRENDA GONZÁLEZ HOROWITZ
            D.C. Bar # 1017243
            Assistant United States Attorney
            601 D Street, N.W.
            Washington, D.C. 20530

            *Attorneys for the United States of America*