**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ELIZABETH G. OYER,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 25-1555 (CJN) |

**PLAINTIFF'S SUPPLEMENTAL NOTICE**

In her filings, Ms. Oyer observed that the Defendant's inadequate search of written communications within the Office of the Deputy Attorney General regarding Mr. Blanche's decision to dismiss her revealed no records responsive to her second FOIA request, not even his one-page termination notice of removal. She noted that the Defendant declined to search any records other than official DOJ emails and electronic records, and specifically had not inquired whether texts, Signal messages, WhatsApp, and other communication modes were in use in the Deputy Attorney General's office and might contain responsive records. ECF No. 21 at 16-17; ECF No. 25 at 8.

The government dismissed these concerns, stating that Ms. Oyer "points to no evidence that a search of those platforms in this case would yield any potentially responsive records and aside from citation to news articles relating to the purported use of Signal *by an entirely different executive agency and actors*." ECF No. 24 at 6 (emphasis supplied). However, recent reporting now indicates that throughout her tenure, including the period at issue in Ms. Oyer's FOIA requests, Mr. Blanche's then-boss, Attorney General Pamela Bondi, "rarely used her Justice

Department email." Maggie Haberman & Jonathan Swan, *Inside the White House Freakout Over the Epstein Files*, N.Y. Times, Jun. 10, 2026, https://www.nytimes.com/2026/06/10/magazine/trump-epstein-files-white-house-vance-doj.html.

Additionally, records the government released pursuant to a separate FOIA request revealed that top officials in numerous other agencies—including the Department of the Treasury, Office of the Director of National Intelligence, Department of State, Department of Defense, Central Intelligence Agency, and Department of Commerce—have used the messaging application Signal. *Democracy Forward Found.v. U.S. Dep't. of Justice et al.*, 25-cv-1535 (D.D.C.). In response to a media inquiry about the Signal chats, a White House spokesperson suggested that use of the messaging app was within the bounds of accepted practice for executive branch officials, saying, "Signal is an approved app that is pre-loaded on government phones." Michael Scherer et al., *Hegseth, Rubio, and Caine Had an Auto-Deleting Signal Chat*, The Atlantic, Jun. 29, 2026, https://www.theatlantic.com/national-security/2026/06/trump-administration-signal-chat-marco-rubio/687735/. Furthermore, those documents revealed chats from unidentified figures, including one with the initials "TB." While there is thus far no indication which senior administration official "TB" may be, those are the initials of Mr. Blanche.

As Ms. Oyer has explained, if any communications related to her termination "likely" exist beyond DOJ email records, the government has an obligation to search for and produce them. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022) (the agency may not "limit its search to only one record system if there are others that are likely to turn up the information requested") (quoting *Oglesby v. U.S. Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). New reporting that the Attorney General may have used means other than her government e-mail, and the apparent

widespread use of Signal by top government officials throughout executive branch agencies, cast

further doubt on the Defendant's failure to search within such means of communication here.


Dated: July 1, 2026                                    Respectfully Submitted,


                                                       */s/ Jeffrey S. Gutman*
                                                       Jeffrey S. Gutman, PLLC
                                                       (D.C. Bar #416954)
                                                       1712 Hobart St., N.W.
                                                       Washington, D.C. 20009
                                                       Tel.: (202) 631-5129
                                                       jsgutmandc@gmail.com

                                                        */s/ David W. Ogden*
                                                       David W. Ogden (D.C. Bar #375951)
                                                       Joshua G. Kolb (#NY0628)
                                                       DEMOCRACY DEFENDERS FUND
                                                       600 Pennsylvania Ave., S.E., #15180
                                                       Washington, D.C. 20003
                                                       Tel: (202) 594-9958
                                                       david@democracydefenders.org
                                                       joshua@democracydefenders.org

                                                       Attorneys for Plaintiff