UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH G. OYER,

Plaintiff,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 25-1555 (CJN)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND NOTICE**

Defendant the Department of Justice ("Department"), through undersigned counsel, respectfully files this response to Plaintiff Elizabeth Oyer's "Second Supplemental Notice," (Pl.'s Not., ECF No. 28).

Once again, the Court should disregard Oyer's latest filing, because it is essentially a sur-reply filed without leave of the Court. *See e.g., Hart v. Dep't of Just.*, 648 F. Supp. 2d 113, 115 n.4 (D.D.C. 2009) (disregarding a sur-reply because "[t]he Local Civil Rules provide only for the filing of a motion, a response, and a reply. See Local Civil Rule 7. They do not contemplate a sur-reply, and the plaintiff did not seek leave to file one."). This is especially true with respect to Oyer's "Second Supplemental Notice," which reads like a supplemental brief in support of her cross-motion for summary judgment rather than a notification to the Court of purported supplemental authority. Oyer's notice is once again procedurally infirm. *See* Defs.' Resp. Not. (ECF No. 27). Oyer cannot cure any briefing shortcomings by simply filing improper sur-replies under the guise of "notices" without leave of Court, and advance substantive arguments that were not raised in her cross-motion for summary judgment. If that were the case, litigants would be able to endlessly advance arguments after briefing has closed. But that is not what the Federal Rules of

Civil Procedure or this Court's Local Civil Rules contemplate. *See e.g.,* LCvR 7; *cf. Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013) (Gorsuch, J.) (warning that allowing parties to raise new arguments via supplemental authority without an intervening change in law "invites an unsavory degree of tactical sandbagging by litigants in future cases: why bother pursuing a potentially winning issue at the outset when you can wait to introduce it at the last second and leave your opponent without the chance to respond?"); *see also Keerikkattil v. United States*, 313 A.3d 591, 611–12 & n.8 (D.C. 2024) (collecting cases).

As previously reported, the Office of Information Policy ("OIP") was routed only Part 3 of Plaintiff's FOIA request to Justice Management Division ("JMD") which sought "all documentation pertaining to the termination of [Plaintiff's] employment." In conducting its search, OIP spoke with officials in the Office of the Deputy Attorney General ("ODAG") who identified then-Deputy Attorney General Todd Blanche and then-Principal Associate Deputy Attorney General Emil Bove as the custodians most likely to maintain records responsive to Plaintiff's request. Because the portion of Plaintiff's request routed to OIP only pertained to "documentation" regarding her termination, which occurred during the current administration, and custodians Todd Blanche and Emil Bove were not employed by the Department prior to January 20, 2025, OIP utilized the date range of January 20, 2025 through March 31, 2025 because it determined that any records documenting Plaintiff's termination effected by the then-Deputy Attorney General was not reasonably likely to exist prior to the employment of the then-Deputy Attorney General and Mr. Bove. OIP therefore concluded that any records responsive to Part 3 of Plaintiff's request to JMD, which specifically seeks "documentation of" termination of her employment would most likely be found within this date range. As a result of its search, OIP located and released without withholdings a termination letter dated March 7, 2025. OIP spoke

with knowledgeable officials in ODAG who indicated that they were not aware of any additional records related to Plaintiff's termination other than the letter OIP located during its search.

Plaintiff suggests, however, in processing her March 31, 2025 request to JMD, that OIP should have investigated, through interrogation of ODAG personnel, the *reasons* behind the termination of her employment, then determine based on those reasons which records then-Deputy Attorney General Blanche considered and then later referred to while testifying over a year later on July 15, 2026. The portion of Plaintiff's request that was referred to OIP sought records specifically pertaining to documentation the termination of her employment, which OIP's search was reasonably tailored to uncover through the terms, date range, and custodians it utilized. *See* Defs.' Mot. (ECF No. 19); Defs.' Opp. & Reply (ECF No. 24). Plaintiff's work product within the Department prior to the start of the current administration, even eventually considered, years later, in deciding her termination, is not "documentation pertaining to the termination of [Plaintiff's] employment" nor is it within the bounds of a reasonable FOIA search. Again, to the extent Plaintiff seeks specific records not covered by her original request sent to JMD, she may submit a new request seeking that information.

In sum, Oyer's Second Supplemental Notice, and particularly its timing, demonstrate only that Oyer seeks another bite of advocacy when the briefing in this case has closed, and the time for Oyer to make her case has passed.

* * *

Dated: October 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512

*Attorneys for the United States of America*